UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JACQUELINE MACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 4:24CV889 HEA |
| ) | |
| ALAMDAR HAMDANI, U.S. Attorney for ) | |
| the Southern District of Texas, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 7]. Plaintiff has not responded to the Motion. For the reasons set forth below, the Motion will be granted.

Facts and Background

Plaintiff was indicted as one of many co-defendants in the Southern District of Texas, Case No. 4:20-CR-00678 (S.D. Tex.) as part of a large-scale drug conspiracy. A bench warrant was issued on June 29, 2023, by the U.S. District Court for the Southern District of Texas and Plaintiff was subsequently arrested on November 1, 2023, within the jurisdictional boundaries of this Court.  At her initial appearance, Plaintiff sought an identity hearing. The identity hearing was held on November 8, 2023. Judge Dueker concluded that "the Government presented credible evidence establishing probable cause to believe that Mack is the

same person named in the Indictment and Arrest Warrant." *United States v. Mack*, 4:23-MJ-02210-JSD, ECF #14, p. 5 (E.D. Mo. Nov. 20, 2023 (Dueker, M.J.).

During the identity hearing, Plaintiff claimed that she was the victim of identity theft and that, by proxy, arresting officials had mistaken her identity during her arrest. Judge Dueker noted that "all of Mack's [Missouri Department of Revenue] pedigree information essentially matched the pedigree information from the Southern District of Texas, except for the date of birth." *Id*. at p. 4. Employment records and phone records confirmed Plaintiff's identity, and the arresting official noted that when Plaintiff opened the door, she identified herself as "Jacqueline Mack." *Id*. at p. 5. "More importantly, the evidence connecting Mack to the conspiracy was reliable and convincing. The 78phone number linked to Mack's apartment utilities was the same number wiretapped by authorities, with conspirators contacting 'Miss Jackie.' A phone with that same phone number was also found on Mack's person when authorities arrested her at her apartment." *Id*. at p. 6.

Plaintiff has since filed a "Pro Se Motion to Quash and Dismiss for Mistaken Identity" in the Criminal Case, ECF No. 256, in which she essentially argues the same dispute as is made the basis for her identity hearing and this action.

Plaintiff asserts she "was wrongfully arrested at her home by the U.S. Marshals Service based on mistaken identity, with a falsified version of her

personal identification [that] altered age and dates being misused by an unknown criminal in Texas." Plaintiff further alleges officials failed to "verify the identity of the actual suspect" and did not engage an "administrative investigation and interview questioning to rule [her] out as a suspect." She contends "there were other less intrusive options available" to determine she was merely a "59-year-old mother, wife and full-time employee who likely was working on the dates in question," and asserts that officials merely wished to "muddy the water as to who is involved." She concludes, "the law does not allow the actions described … [and] the government employee (sic) were outside their official duties." Plaintiff brings this suit against Defendants for "negligence" and "false arrest." Plaintiff seeks damages in the amount of "$5,000 for emotional distress, reputation damage, and financial loss," costs and fees for litigation, and the dismissal of claims sounding "in defense, counterclaim, crossclaim, [or] affirmative defense."

Legal Standard

"A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction may be either a 'facial' or 'factual' attack on the complaint." *Nestle Purina Petcare Co. v. PetSmart, Inc.*, 2019 WL 3388051 at *2 (E.D. Mo. Jul 26, 2019) (citing *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015)). "In a facial attack, a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction." *Davis v. Anthony, Inc.*, 886

F.3d 674, 679 (8th Cir. 2018). "A factual attack occurs when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction." *Id*. The former "confines [the court's] review to the pleadings and to facts subject to judicial notice." *United States v. Millenium Laboratories, Inc.*, 923 F.3d 240, 244 (1st Cir. 2019); *Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021). The latter permits "the court [to] consider[] matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Davis*, 886 F.3d at

Defendants make a facial attack to this Court's subject-matter jurisdiction. Even when accepting the Complaint's allegations as true, Defendants assert a facial attack arguing the Complaint fails to allege sufficient facts to bypass threshold, *prima facie* matters such as immunities from suit. See, e.g., *Moore v. Brown*, 2020 WL 6868568 at *1 (E.D. Mo. Nov. 20, 2020) (Clark, J.) (construing "as a facial attack" a claim that the Court lacked subject-matter jurisdiction because of sovereign immunity).

Discussion

Plaintiff brought this action based on negligence and false arrest against Defendants the U.S. Marshal Service for the Eastern District of Missouri, the United States Attorney's Office for the Southern District of Texas, Ted Imperato, Criminal Division Chief in the United States Attorney's Office for the Southern District of Texas, and the "Prosecutor in the Jacqueline Mack Criminal Case,

4

CRIM NO 4:20cr00678. Plaintiff attempts to state a claim for negligence and false arrest. Federal law bars these claims against Defendants. "The United States, as sovereign, is generally immune from suits seeking money damages. At the same time, Congress may choose to waive that immunity." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024). As Defendants correctly argue, the origin of federal tort law liability, if any should exist at all, is the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq., which "waives immunity from [certain categories of] tort suits involving agencies across the Government." *Thacker v. Tennessee Valley Authority*, 587 U.S. 218, 221 (2019).

Section 2401(b) of the FTCA  "forever bars" a tort claim "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). While the limitations period has yet to run, there is no evidence that Plaintiff timely presented her claims to any agency.  See Generally 28 C.F.R. 14.2(a) (explaining when a claim is deemed "presented" to an agency). Therefore, the claims must be dismissed for lack of jurisdiction. See *Sanchez v. United States*, 49 F.3d 1329 (8th Cir. 1995) (dismissal appropriate for lack of jurisdiction where plaintiff failed to present FTCA claim);

5

*Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir.1993) ( "[p]resentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant").

**False Arrest-Prosecutors**

Regarding Plaintiff's alleged false arrest, immunity is waived, if at all, by application of Section 2680(h).

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. 2680(h). The Eighth Circuit has summarized Section 2680(h) to narrowly apply to any intentional tort claim for "false imprisonment, false arrest, malicious prosecution [or] abuse of process … committed by investigative or law enforcement officers of the United States Government." *Ames v. United States*, 600 F.2d 183, 185 (8th Cir. 1979); see also *Iverson v. United States*, 973 F.3d 843, 846 (2020)( "[a] plaintiff may sue the United States for injuries resulting from assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution, if committed by an investigative or law enforcement officer.")

6

Plaintiff's false arrest claims cannot reach the Prosecutor Defendants as they are not "law enforcement officer[s]" empowered to effectuate arrests themselves. *Ames*, 600 F.2d at 185, n.3.

**False Arrest-US Marshal Service**

"[T]o prevail on a false arrest claim" the plaintiff "must prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005). Judge Dueker has adjudicated the issue of mistaken identity and concluded there was probable cause to believe Plaintiff is "the same person named in the Indictment and Arrest Warrant." *United States v. Mack*, 4:23-MJ-02210-JSD, ECF#14, p. 5 (E.D. Mo. Nov. 20, 2023 (Dueker, M.J.). Furthermore, probable cause was established in this case by proxy of an arrest effectuated through the issuance of a bench warrant by the court following the filing of a superseding indictment. Criminal Case, ECF #104. The "bench warrant [establishes] the facial validity of the warrant in the eyes of the arresting officers for purposes of the tort analysis.  "[T]he lawful arrest [by the United States Marshal Service] is a complete defense to [Plainitff's] false arrest claims." *In Re Roberts Litig.*, 693 F.App'x. 630, 631 (9th Cir. 2017); *Wright v. United States*, 892 F.3d 963,

967 (8th Cir. 2018) (under Missouri law, "justification is a complete defense" to false arrest, concluding USMS had "probable cause to believe [plaintiff] committed [a] crime")

**Negligence Claim**

Section 1346(b)(1) of Title 28 states:

Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. 1346(b)(1). The Supreme Court has outlined the six elements of such a claim, requiring that it be: "(1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury, or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment" (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Brownback v. King*, 592 U.S. 209, 212 (2021).

Plaintiff's FTCA-based negligence claim fails. As to the Prosecutor Defendants, the Attorney General has not certified the "scope of employment"

8

issue under Prong 5 pursuant to 28 U.S.C. 2679(d)(1). Moreover, there can be no Section 1346(b) liability against federal employees in their individual capacities. See 28 U.S.C. §§ 1346(b)(1), 2679(b)(1) (suits premised on Section 1346(b) can only be had when the negligent act is committed "within the scope of office or employment."

Prongs 4 and 6 dictate that a generalized negligence claim recover the particularized false arrest, under Section 2680(h). See *Johnson v. United States*, 547 F.2d 688, 692 (D.C. Cir. 1976) ("Surely a litigant cannot circumvent the [FTCA] by the simple expedient of drafting in terms of negligence a complaint that in reality is a claim as to which the United States remains immunized.").

> [A plaintiff] cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims for assault or battery; in sweeping language it excludes any claim arising out of assault or battery. We read this provision to cover claims like respondent's that sound in negligence but stem from a battery committed by a Government employee. Thus the express words of the statute bar respondent's claim against the Government.

*United States v. Shearer*, 473 U.S. 52, 55 (1985).

Conclusion

Based upon the foregoing analysis, Defendants' Motion to Dismiss is well taken. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc. No.

9

7], is **GRANTED**.

An appropriate Order of Dismissal is entered this same date.

Dated this 6th day of January, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE